IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOGAN FARMS, INC., *et al.*, | } | |
| *Plaintiff(s)* | } | |
| | } | |
| v. | } | CIVIL ACTION NO. H-05-0766 |
| | } | |
| SMITHFIELD FOODS, INC., et al | } | |
| *Defendant(s)* | } | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**

Pending before the Court is Defendant Smithfield Foods, Inc.'s ("Smithfield") motion to dismiss for lack of personal jurisdiction (Doc. 4). For the following reasons, the Court **ORDERS** that the motion is **GRANTED**.

**I.   BACKGROUND AND RELEVANT FACTS**

Plaintiff James P. Logan, Jr. ("Logan") filed this patent infringement action against Smithfield in March 2005. Plaintiff later amended his complaint to add Farmland Foods Inc., Gwaltney of Smithfield Ltd., John Morrell & Co., The Smithfield Companies Inc., and The Smithfield Packing Co. Inc. (Doc. 37), all subsidiaries of Smithfield Foods Inc.. Plaintiff's patent relates to boneless, spirally-sliced meat products. Plaintiffs allege that Smithfield, the nation's largest hog producer and pork packer, infringed their patent by manufacturing and selling boneless, spirally sliced meat products, either directly or through its subsidiaries. On 03 May 2005, Smithfield filed the instant motion to dismiss for lack of personal jurisdiction, contending, *inter alia*, that Plaintiffs could not make out a *prima facie* showing of personal jurisdiction because at all relevant times it (1) was not incorporated or registered to do business in Texas; (2) did not own or lease property in Texas; (3) did not have a single employee working in Texas; (4) did not sell products

to customers in Texas; and (5) did not manufacture or process a single product in Texas.[1] In their response, Plaintiffs asserted that (1) Smithfield had numerous contacts with Texas, including retail outlets, online stores, and mail-order catalogs; and (2) even if Smithfield itself did not make or sell infringing products in Texas, it "intentionally established a distribution channel through its subsidiaries, divisions and [/] or retail outlets, and but for its approval, the subsidiaries would not have sold the infringing meat products in Texas."[2] Concurrent with their response to Smithfield's motion to dismiss, Plaintiffs filed a motion for expedited discovery on the issue of personal jurisdiction. Plaintiff's motion for expedited discovery was granted, and discovery on the issue of personal jurisdiction is now complete.

## II.     ANALYSIS

Because "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent," *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1363 (5th Cir.1990), this Court cannot exercise personal jurisdiction over Smithfield simply because its subsidiaries may be subject to personal jurisdiction in Texas. Although this is the general rule, there may be times when a parent corporation so dominates its subsidiary that the two cannot be considered separate and distinct entities. *Dalton,* 897 F.2d at 1363; *Hargrave v. Fireboard Corp.,* 710 F.2d 1154, 1159 (5th Cir.1983); *Walker v. Newgent,* 583 F.2d 163, 167 (5th Cir.1978). Where the parent corporation is merely the "alter ego" of its subsidiary, a court can impute to the parent its subsidiary's contacts with the forum state for the purposes of establishing personal jurisdiction. *Dalton,* 897 F.2d at 1363; *Hargrave,* 710 F.2d at 1159; *Walker,* 583 F.2d at 167. "An alter ego relationship between a parent corporation and its subsidiary is based on control." *DP Solutions, Inc. v. Rollins, Inc.*, 34 Fed.Appx., 2002 WL 494672 (5th Cir.). Generally, there must be "proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes." *Hargrave,* 710 F.2d at 1160. Although the assessment

---

[1] Doc. 5 at 1.

[2] Doc. 9 at 6.

should be based on the totality of the circumstances, *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 218 (5th Cir.2000); *Grundle Lining Constr. Corp. v. Adams County Asphalt,* 85 F.3d 201, 209 (5th Cir.1996), the Fifth Circuit has considered the following factors to be relevant in determining whether a parent's control will allow alter ego jurisdiction:

> (1) Whether the parent owns 100% of the subsidiary's stock.
> (2) Whether the two corporations maintain separate headquarters.
> (3) Whether the parent and subsidiary share common officers and directors.
> (4) Whether corporate formalities are observed.
> (5) Whether separate accounting systems are maintained.
> (6) Whether the parent exercises complete authority over general policy.
> (7) Whether the subsidiary exercises complete authority over daily operations, including research and development, marketing, and supply.

*Dalton,* 897 F.2d at 1363 (citing *Hargrave,* 710 F.2d at 1160)). Of course, "[i]t should be noted that the alter ego test for attribution of contacts, *i.e.,* personal jurisdiction, is less stringent than that for liability." *Stuart v. Spademan,* 772 F.2d 1185, 1198 n. 12 (5th Cir.1985); *Reul v. Sahara Hotel,* 372 F.Supp. 995, 997 (S.D.Tex.1974).

Having reviewed the record in this case, two things are apparent: 1) Plaintiff has introduced no evidence that Smithfield directly sold any products in Texas, and 2) Smithfield did not so dominate its subsidiaries as to become their alter ego. Although Plaintiff has succeeded in showing Smithfield's one hundred percent ownership of its subsidiaries stock and executive overlap between Smithfield and its subsidiaries, these two factors are not dispositive. *See Hargrave* 710 F.2d at 1160 ("[W]e have noted often that 100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."). Additionally, at least four of the *Hargrave* factors weigh in Smithfield's favor: It is clear that the subsidiaries maintain separate headquarters, observe corporate formalities, maintain separate accounting systems, and exercise complete authority over daily operations. Whether Smithfield exercises complete authority over general policy is a thornier question. Smithfield certainly appears to exercise control over major decisions, as can be expected of a holding company managing a portfolio of subsidiaries. However, in line with the findings of other courts, the Court finds that this involvement is

insufficient to render Smithfield the alter ego of its subsidiaries. *See Hargrave* at 1160; *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).

### III. CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Defendant Smithfield Food Inc.'s motion to dismiss (Doc. 4) is **GRANTED**.

**SO ORDERED** at Houston, Texas, this 9TH day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE