UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES P LOGAN, JR, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-05-766 |
| § | |
| SMITHFIELD FOODS INC, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Defendants Gwaltney of Smithfield, Ltd., The Smithfield Packing Co., Inc., and The Smithfield Companies, Inc.'s (collectively, "Smithfield") motion for summary judgment of non-infringement (Doc. 145), the Plaintiff James P. Logan, Jr.'s ("Logan") response (Doc. 151), Smithfield's reply (Doc. 153), Logan's surreply (Doc. 157), and Smithfield's surreply (Doc. 158).

Plaintiff Logan sued Smithfield for infringement of Claim 1 of U.S. Patent No. 35,374 (the '374 patent). The '374 patent describes a "boneless meat product *and method for making such product*, including hams and other boneless meat, the meat being spirally sliced around an axis through the meat." '374 patent, abstract (emphasis in the original). Specifically, Claim 1 of the '374 patent claims:

> A boneless sliced meat having its meat arranged in the form of a continuous spiral cut about an axis of the meat, the axis being created by the temporary insertion of a support member in the meat, *wherein the depth of said cut is limited to leave an uncut core of meat, said core being of sufficient cross-section to cause the boneless sliced meat to retain its shape when the support member is removed.*

*Id.*, claim 1 (emphasis in the original).

On March 31, 2009, the Court entered its memorandum on claim construction, defining

the one remaining disputed claim term, "meat," as "a single joint of boneless meat, not pressed meat." (Doc. 140 at 5.) The Court found that the doctrine of prosecution history disclaimer barred Logan's proposed construction defining the disputed term simply as "meat." (*Id.*)

Plaintiff Logan stipulates that Smithfield does not infringe the '374 patent based on the Court's construction of the claim term "meat." (Doc. 151 at 6.) It is therefore appropriate to grant Smithfield's motion for summary judgment and permit Logan to appeal the claim construction ruling, if he so desires.

Accordingly, the Court hereby ORDERS that Smithfield's motion for summary judgment of non-infringement (Doc. 145) is GRANTED. It is further ORDERED that

Smithfield's motion *in limine* (Doc. 143) and Logan's motion to bifurcate (Doc. 146) are MOOT.

SIGNED at Houston, Texas, this 14th day of July, 2010.

_____<br>
MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE