IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| JAMES P. LOGAN, JR, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-766 |
| | § | |
| SMITHFIELD FOODS INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendant Smithfield Foods Inc's Bill of Costs (Document No. 166), Plaintiff's Objections thereto (Document No. 168), and Defendants' reply (Document No. 170). Having considered Defendants' Bill of Costs, Plaintiff's objections, and Defendants' reply, and applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Objections to Defendant's Bill of Costs (Document No. 168) be SUSTAINED in PART and OVERRULED in part and that Costs awarded to Defendant Smithfield Foods Inc in the amount of $21,816.14.

Pursuant to FED. R. CIV. P. 54 (d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." The following are statutorily recoverable as costs:

(1) Fees of the clerk and marshall;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S. C § 1920.

Here, Defendant Smithfield Foods Inc. seeks as recoverable costs the following:

| | |
|---|---|
| Fees for service of summons and subpoena: | 11.40 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: | 11,732.13 |
| Fees for witnesses: | 2,298.41 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: | 183.45 |
| Other Costs: | 23,602.50 |

(Document No. 166 at 1).  Plaintiff has filed the following objections to the Bill of Costs, arguing (1)the Defendant has not met the burden of proof showing costs as requested by Defendants were actually and necessarily incurred as required by § 1920; (2) Defendants have failed to file any proof of payment or proof of obligation to pay with its bill of costs; (3) some of the costs associated with transcript fees and expert witness fees are not recoverable under the explicitly mentioned taxable costs under 28 U.S.C. § 1920; (5) Defendant is not entitled to recover expert witness fees. (Document No. 168, paragraphs 9-26).

## A. Burden of Proof

Plaintiff objects in several instances that Defendant has not shown the costs incurred were actually and necessarily expended. (Document No. 168, Paragraphs 12, 13, 15, 19-23, 25-26).

2

Unless otherwise directed, each of these objections should be OVERRULED. Defendant's counsel filed an affidavit supporting Defendants' Bill of Costs in which he stated:

> I verify, pursuant to 28 U.S.C. § 1924 and to the best of my knowledge, that the costs and disbursements listed herein are correct and were necessarily incurred in the defense of this case, and that any services for which these are being claimed were actually and necessarily performed. Further, the costs and disbursements claimed herein are limited to those actually and necessarily expended by Defendants in support of their Motion for Summary Judgment of Non-Infringement and related dispositive motions.

(Document No. 166-1 at 2). Defendants' counsel then verified each individual category of costs and provided supporting exhibits in the form of line item invoices or vendor invoices. (Document No. 166-1 at 2-7; Document No. 166-2; Document No. 166-3; Document No. 166-4). The affidavit and supporting documentation sufficiently establish Defendants incurred the costs set forth in Bill of Costs, that all costs have been or are in the process of being paid and the photocopies were necessarily obtained for use in this case. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994).

Plaintiff further objects in several instances to the fees for deposition transcripts claiming the transcripts were not necessary for Defendants' case. Plaintiff contends the Motions to Exclude (Document Nos. 141 and 142), Motion in Limine (Document No. 143) and Motion for Summary Judgment (Document No. 145) were not necessary because Mr. Logan had already stipulated to non-infringement. (Document No. 168, Paragraphs No. 14, 16-17, 24, 25). The record does not support Plaintiff's argument. The record shows the Claim Construction Order was filed on March 3, 2010. (Document No. 140). Defendants' Motion to Exclude the Testimony of James P. Logan, Jr (Document No. 141), Motion to Exclude the Testimony of Richard Pastore (Document No. 142), Defendants' Motion in Limine (Document No. 143), and

Defendants' Motion for Summary Judgment were all filed on April 3, 2009. It was not until April 23, 2009, when Plaintiff filed his opposition to Defendants' Motion for Summary Judgment, that Mr. Logan stipulated to non-infringement. (Document No. 151).

**B. Expert Fees**

Defendants seek to recover fees associated with the deposition of its expert witness, Dr. Mills. These fees include: $23,602.50 for expert witness fees associated with the response to discovery; and $2083.41 for travel costs including hotel, mileage, tolls, etc. Plaintiff makes no objection to the statutory fee for Dr. Mills, but contends the other fees and expenses are not recoverable because there is no statutory authorization for them in § 1920 (Document No. 168, Paragraph 10).

Defendant is correct that generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. However, Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides an independent basis for the recovery of expert witness fees as part of discovery. Rule 26 (b)(4)(C) provides in pertinent part: "[u]nless manifest injustice would result, . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . ." FED. R. CIV. P. 26(b)(4)(C). "Fees awarded under 26(b)(4)(C)(i) include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition." *Stewart v. City of Houston*, No. H-07-4021, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010); *See Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *1, *5 (N.D. Ill. Apr. 8, 2008) (noting the "[k]ey to the Court's inquiry is determining the amount of time the expert witnesses spent in responding to

4

discovery."). Neither in 28 U.S.C § 1920 nor in Rule 26(b)(4)(C) is there a provision allowing for the recovery of expert fees associated with preparing expert reports.

Reviewing the invoices submitted by Defendants (Document No. 166-4) it appears the fees extend beyond those allowed under 26(b)(4)(C).[1] To award the full fees requested by Defendants would result in a "manifest injustice." Therefore, the Court recommends limiting the recovery to time spent in preparing for the deposition, time spent traveling to the deposition and time spent in the deposition as discernable from the invoices. The invoice reflects 14.5 hours spent preparing for 10.5 hours of deposition. (Document No. 166-4). The Court recommends the full amount of preparation be recoverable. *See Top Tobacco, L.P. v. N. Atl. Operating Co.*, No. 06 C 950, 2007 WL 1149220 at *8 (N.D. Ill. Apr. 17, 2007) (finding a ratio of twice the length of the deposition is a reasonable time for preparation). However, the Court recommends Dr. Mills travel time should not be charged at his normal hourly rate, but instead Dr. Mills travel time should be charged at approximately half of his hourly rate. *See Anderson v. Siemens Med. Sys., Inc.*, No. CIV. A. 3:98-CV-1850-, 2002 WL 199878 at *1, *4 (N.D. Tex. Feb. 7, 2002) (noting it is "unreasonable to charge the same rate for travel time as for testifying" (citing *Grdinich v. Bradlees*, 187 F.R.D. 77, 83 (S.D.N.Y. 1999). Therefore, the Court recommends taxing the time spent in the deposition ($2677.50 [10.5 hours at $255/hour]), time spent in preparation for the deposition ($3697.50 [14.5 hours at $255/hour]), and time spent traveling to the depositions ($1870 [8.5 hours at $100 and 8 hours at $127.50]), for a total of $8245.

---

[1]Although Defendant has submitted an itemized accounting of Dr. Mills time, the majority of the time is not shown to be related to the deposition and therefore is not recoverable.

Plaintiff also objects to the taxing of Dr. Mills' travel expenses. (Document No. 168, Paragraph 21). Under Section 1821(c)(1), reasonable witness travel costs are also recoverable, but the prevailing party must prove the actual travel expenses. *See* 28 U.S.C. § 1821(c)(1) ("receipt or other evidence of actual cost shall be furnished"). Here, Defendants' affidavit and itemized billed invoices constitute "other evidence" showing the expenses were actually and necessarily expended. The travel costs associated with the two depositions are reasonable. Therefore, the Court recommends taxing travel costs at $1,429.16.

Therefore, the Court recommends taxing expert witness fees at $9,674.16.

*C. Deposition Transcript Costs*

Plaintiff objects to the deposition transcript fees associated with several depositions: James P. Logan, Jr taken on August 19, 2008 (Document No. 168, Paragraph 13-14), Kent A. Rowald (Document No. 168, Paragraph 15), Richard Pastore (Document No. 168, Paragraph 16), and James P. Logan taken February 4-6, 2009 (Document No. 168, Paragraph 17). For the reasons stated in section A, these objections should be overruled. The Court recommends taxing the deposition transcript fees at $6,442.56 (Mr. Logan), $2,158.72 (Mr. Rowald) and $958.50 (Mr. Pastore).

Next Plaintiff objects to the recovery of costs for the deposition transcript of Kurt A. Dellos taken on February 10, 2009 because this deposition was provided on an expedited basis (Document No. 168, Paragraph 18). Defendants contend the transcript was expedited because Mr. Dellos was Defendants Rule 30(b)(6) witness and his transcript was needed to prepare for two subsequent depositions that occurred within three days of the deposition. Expedited transcripts may be appropriate in some situations. *See Top Tobacco, L.P. v. N. Atl. Operating*

6

*Co.*, No. 06 C 950, 2007 WL 1149220 at *8 (N.D. Ill. Apr. 17, 2007) (finding when deposition scheduled back to back it is reasonable to order expedited transcripts). Here, Defendants have shown need for the expedited delivery. Therefore, Plaintiff's objection should be overruled.

The Court recommends taxing deposition transcript costs at $11,732.13.

### D. Witness Fees

Plaintiff objects to several of the witness fees (witness fees associated with Dr. Mills' travel have been addressed above). (Document No. 168, Paragraphs 19-20). For the reasons stated in section A, these objections should be overruled.

Plaintiff objects to the witness fee associated with Mr. Kurt Dellos. (Document No. 168, Paragraph 22). However, a statutory witness fee of $40 per day is provided for under 28 U.S.C. § 1821. Therefore, the objection should be overruled.

The Court recommends taxing witness fees at $215.

### E. Copy Fees

Plaintiff objects to costs associated with "making copies." (Document No. 168, Paragraph No. 23, 25). For the reasons stated in section A, these objections should be overruled.

Plaintiff objects to the copying costs associated with the Motion for Summary Judgment. Recovery of costs associated with photocopies is appropriate when the copies were necessary for use in the trial. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The Motion for Summary Judgment was necessary for Defendants' case and therefore, Plaintiff's objection should be overruled.

The Court recommends taxing copies at $183.45.

7

*F. Service Fees*

Plaintiff objects to the "service of summons and subpoena" to Mr. Kent Rowald. (Document No. 168, Paragraph 26). For the reasons stated in section A, this objection should be overruled.

The Court recommends taxing service fees at $11.40.

Based on the foregoing, and the conclusion that the Defendant Smithfield Foods, Inc. is entitled to an award of costs in this case, the Magistrate Judge RECOMMENDS Plaintiff's objections to Defendant's Bill of Costs be SUSTAINED in PART and OVERRULED in PART, as set forth above, and Defendant be award costs in the amount of $21,816.14. This amount includes $11.40 for fees for service and summons and subpoena; $11,732.13 for fees for printed or electronically recorded transcripts; $1,644.16 for fees for witnesses; $183.45 for fees for exemplification and the costs of making copies; and $8,245 for fees pursuant to FED. R. CIV. P. 26.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77028.

Signed at Houston, Texas, this 27th day of September _____, 2010.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE